IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT L. ROSS, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 4:19-CV-063-Y |
| § | |
| ERIC D. WILSON, Warden, § | |
| FMC-Fort Worth, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Robert L. Ross, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as premature.

**I. Factual and Procedural History**

Petitioner is serving a 324-month term of imprisonment for his 1994 conviction in the Dallas division of the United States District Court for the Northern District of Texas, Case No. 3:94-CR-007-R. (Resp't's App. 2, 7, doc. 9.) The Bureau of Prisons (BOP) has calculated his projected release date as July 25, 2019, via good conduct time. (Pet., Ex. B, doc. 1.) In this petition, Petitioner asserts that he is entitled to immediate recalculation of his good-time credit as a result of the First Step Act of 2018 and immediate release. (Pet. 3-4, doc. 1.)

## II. Discussion

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas,* 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good-time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). However, the relevant provisions of the new law have not yet taken effect and will not take effect until the attorney general completes the "risk and needs assessment system" under §§ 101(a) and 102(b)(2) of the Act. *See Hoenig v. United States,* No. 4:19-CV-374-Y, 2019 WL 2006695, at *1 (N.D. Tex. May 7, 2019)*; Greene v. Underwood,* No. 4:19-CV-160-Y, 2019 WL 1531673, at *1 (N.D. Tex. Apr. 9, 2019), *appeal docketed,* No. 19-10474 (5th Cir. Apr. 25, 2019). Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *See Hoenig,* 2019 WL 2006695-Y at *1; *Greene,* 2019 WL 1531673, at *1.

Petitioner asserts that because the "new risk and needs assessment system has no impact on the retroactive application of earned good conduct time," he is entitled to the extra good time now as a matter of law. (Pet. 3, doc. 1.) However, because the BOP does not have the authority to recalculate Petitioner's good-time

2

credit until the relevant provisions of the Act take effect, the question of whether he is entitled to recalculation of his good-time credit is premature, and this Court is powerless to alter that fact. *See Hoenig,* 2019 WL 2006695-Y at *2*; Greene,* 2019 WL 1531673, at *2. *Accord Christopher v. Wilson,* No. 4:19-CV-214-O, 2019 WL 1745968, at *2 (N.D. Tex. Apr. 18, 2019); *Molina v. Underwood,* No. 3:19-CV-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019); *Horton v. Warden, Fed. Med. Ctr.,* No. 9:19-CV-42, 2019 WL 2094442, at *2 (E.D. Tex. Apr. 5, 2019). There is no ambiguity in the Act, and the Court has no authority to rewrite or disregard the statute in order to accommodate Petitioner's situation.

Therefore, for the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as premature.

SIGNED May 31, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

3